RAFAEL M. GARCÍA, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 827.   Argued December 22, 1930.—Decided January 30, 1931.

772

E. *Huertas Zayas* for appellant.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On presentation in the Registry of Property of San Germán of a certain deed of sale and mortgage, executed by the guardian of an insane person and of several minors, the registrar recorded it fully as regards the sale but only partially as to the mortgage in so far as the minors were concerned. He based his refusal as follows:

"First: Because the judgment certified by the Clerk of the District Court for the Judicial District of Ponce under date of July 11 of the current year, marked letter 'A', and attached as a supplementary document to the deed in question, includes among other things, the appointment of Nicolás García Torres as guardian of Inés Mercado Torres, in which capacity he appears in the same deed, and there is no showing either from the said judgment or from any other document that the said appointment had been preceded by a declaration of incapacity, which is a prerequisite of the utmost importance and indispensable under the law, as provided by the second section of Chapter III, Title X, Book I of the Civil Code in force.

"Second: Because, although in the directive portion (*parte dispositiva*) of the said judgment as certified, it is stated that Nicolás García Torres is appointed guardian of the said Inés Mercado by reason of the latter's incapacity, in order that such incapacity may have full legal effect it must be expressly declared by the court in the proceeding referred to in the above cited statutory provisions and in accordance with applicable law. 30 P.R.R. 705; 36 P.R.R. 497."

Thereupon the said guardian took the present appeal, in deciding which we must transcribe here the judgment of the court that was exhibited with the deed in question. It reads as follows:

"Whereas, in this case Rafael M. García has filed a sworn petition for the appointment by the court of a guardian for Inés Mercado Torres, pursuant to a declaration of incapacity separately requested in a motion of the district attorney;

"Whereas, it appears from the said petition as well as from the evidence introduced at the hearing of this case that the said Inés Mercado Torres is a member of the Succession of Rafael Irizarri, which owns property and in which there are four minors, of whom Nicolás García Torres was appointed guardian by the deceased; that the said guardian has been unable to act as such because the mother of the said minors is living and, although insane for a long time, she has not been formally declared incapacitated;

"Whereas, in his aforesaid motion the district attorney states that the said Inés Mercado Torres is insane and cannot manage her person or her property; that the persons entitled to succeed her in case she dies intestate are minors, and prays the court to declare her incapacitated;

"Whereas, the only existing persons entitled by law to the guardianship of the said Inés Mercado Torres are her brother Antonio Mercado and her sister Cristina Mercado and they have stated under oath that they are unable to accept said guardianship and that they recommend for such office Nicolás García, who is the same person designated as guardian of the minors by decedent Irizarri;

"Whereas, it appears from the evidence heard that the property owned by the succession is worth $1,800;

"Now, therefore, it is the opinion of the court that it should render, and it does hereby render, judgment declaring Inés Mercado Torres incapacitated to manage her person or her property, and it appoints as her guardian Nicolás García, who shall furnish a bond in the sum of $300 to answer to the incapacitated person for any damages that may be caused her by reason of such guardianship."

The law applicable to the case is contained in the following sections of the Revised Civil Code:

"Sec. 250.—A tutor shall not be appointed for insane, demented and deaf and dumb persons, when of age, without a previous decree of the district court of their domicil that they are incapable of administering their property.

"Sec. 251.—The said decree may be petitioned for by the husband or wife and relatives of the person presumed to be incapable and who have the right to succeed him in case he dies intestate.

"Sec. 252.—The Public Attorney (Fiscal) shall demand such decree:

" '1. When the person is a raving maniac.

" '2. When none of other persons mentioned in the preceding section are living or when they do not make use of the right therein granted them.

" '3. 'When the husband or wife and the heirs of the person presumed to be incapable are minors or lack the status required to enable them to appear in a suit.

" 'The proper district court shall, in all such cases, appoint a next friend for the persons presumed to be incapable and who does not wish or is unable to defend himself. In other cases, the public attorney (ministerio fiscal) shall act as next friend.'

"Sec. 253.—The district court shall, before decreeing the incapacity of any person, hear the opinion of experts and such other proofs as it may deem necessary.

"Sec. 254.—The declaration of incapacity shall be made summarily and through an oral hearing before the district court. That which refers to deaf and dumb persons, shall establish the extent and limits of the tutorship in accordance with the degree of incapacity of the said persons."

There is no doubt whatever that the declaration of incapacity must precede the appointment of a guardian. Of course a guardian is appointed by reason of the incapacity. However, this does not mean that a court which has just decided as to the incapacity cannot forthwith make a decision concerning the appointment of a guardian.

The usual practice is to prosecute two independent proceedings: one regarding the incapacity and another regarding the guardianship. But where the same court acts, we fail to see why a declaration of incapacity cannot be coupled with the appointment of the guardian in the same decision, as was done here. The precedence exists, even though it be only for an instant.

The doubt arising in our minds and which leads us to affirm the decision appealed from is that, although it appears from the recitals (por cuantos) of the judgment declaring the incapacity and appointing a guardian that the district attorney intervened and that his motion was heard, there is no showing that the legal procedure was fully complied with by appointing a next friend (defensor) for the

alleged incapacitated person and by hearing the opinion of experts as required by the statute.

In order that instruments of titles may be recorded in the registry in the best possible form and third persons protected by a mere inspection of the record, it must be fully shown in a case like the present one that the proper legal procedure has been followed. This showing may be demanded by registrars in accordance with the law and the jurisprudence, as in so doing they do not invade the separate and exclusive province of the courts by passing upon the justice or injustice of judicial decisions, but on the contrary they discharge the duty imposed on them by section 18 of the Mortgage Law of determining the legality of the instruments presented to them and the capacity of the parties thereto, upon the facts appearing from the said instruments themselves and for the sole purpose of granting, suspending or refusing the record or registration sought.

The decision appealed from must be affirmed.